## In re: MEDTRONIC, INC., IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION

**Reginald Witcher, etc. v. Medtronic, Inc., M.D. Alabama, C.A. No. 2:07–989.**

### MDL No. 1726.

United States Judicial Panel on Multidistrict Litigation.

April 8, 2008.

Before D. LOWELL JENSEN, Acting Chairman, JOHN G. HEYBURN II, Chairman \*, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, and ANTHONY J. SCIRICA \*, Judges of the Panel.

### TRANSFER ORDER

D. LOWELL JENSEN, Acting Chairman.

**Before the entire Panel \*:** Plaintiff in an action pending in the Middle District of Alabama moves, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), to vacate our order conditionally transferring the action to the District of Minnesota for inclusion in MDL No. 1726. Defendant Medtronic, Inc., did not respond to plaintiff's motion.

\* Judges Heyburn and Scirica took no part in    the disposition of this matter.

After considering all of plaintiffs' arguments, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the District of Minnesota, and that transfer of this action to the District of Minnesota for inclusion in MDL No. 1726 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the District of Minnesota was a proper Section 1407 forum for actions involving allegations that certain Medtronic implantable defibrillator devices, known as implantable cardioverter defibrillators and cardiac resynchronization therapy defibrillators, were defective and caused injury, or the threat of injury, to the plaintiffs and putative class members. *See In re Medtronic, Inc., Implantable Defibrillators Products Liability Litigation,* 408 F.Supp.2d 1351 (Jud.Pan.Mult.Lit.2005).

Should the circumstances regarding any action in MDL No. 1726 develop such that the transferee judge determines that continued inclusion of a claim or action no longer remains advisable, and accordingly the transferee court deems Section 1407 remand of any claim or action appropriate, procedures are available whereby this may be accomplished with a minimum of delay following a suggestion of remand to the Panel by the transferee judge. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436–38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable James M. Rosenbaum for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.